USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-17-12 TS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                        12 Civ. 5622 (PKC)

GREENWICH SENTRY, L.P.,                                        Chapter 11 Case No.
                                                              10-16229 (BRL)
                    Debtor.
------------------------------------------------------------x
CHRISTOPHER MCLAUGHLIN KEOUGH,
QUANTUM HEDGE STRATEGIES FUND,
LP, and SIM HEDGED STRATEGIES TRUST,

                                                              MEMORANDUM AND ORDER
                        Appellants,

          -against-

217 CANNER ASSOCIATES, LLC,
Liquidating Trustee,

                        Appellee.
------------------------------------------------------------x
CASTEL, District Judge:

          Christopher McLaughlin Keough, Quantum Hedge Strategies Fund, LP

("Quantum") and SIM Hedge Strategies Trust ("SIM") appeal a June 1, 2012 order of the

Bankruptcy Court (Burton R. Lifland, U.S.B.J.), which held that because they did not file proofs

of interest pursuant to a court order, they are not holders of allowed limited partner interests

entitled to distributions under the debtors' confirmed plans.  Appellants contend the Bankruptcy

Court's order is contrary to the text of the Bankruptcy Act and the relevant Bankruptcy Rules.

          This Court concludes that the Bankruptcy Court did not act contrary to statute,

and its order of June 1, 2012 is affirmed.

BACKGROUND

          On November 19, 2010, debtor Greenwich Sentry L.P. ("Greenwich Sentry") and

its affiliate, Greenwich Sentry Partners, L.P., filed voluntary bankruptcy petitions under Chapter

11 of the Bankruptcy Code.  In its memorandum of law, the appellee states that the debtors had

placed nearly all limited partners' investments funds overseen by Bernard Madoff, and that the debtors lost hundreds of millions of dollars as a consequence. (Appellee Mem. at 11-13.) Appellants Keough, Quantum and SIM are limited partners of Greenwich Sentry.

Pursuant to Rule 1007(a)(3), Fed. R. Bankr. P., a debtor must file "a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder." A debtor organized as a partnership must file a Statement of Financial Affairs (the "SOFA") pursuant to Official Form 7, in which the partnership "list[s] the names and percentage of partnership interest of each member of the partnership." Official Form 7, p. 9, item 21. In its SOFA Attachment B, Greenwich Sentry listed its limited partners and their percentages of ownership interest, calculated to one hundredth of one percent. (Appellants' Appendix ("AA") 83-94.) By this Court's count, Attachment B lists 169 limited partners. (AA-83-94.) The limited partners' interests are not expressly classified as "disputed, contingent or unliquidated," although ownership is denoted as "Estimated Percentage Ownership." (Id.) Each of the appellants' estimated interests are listed: Keough is listed as a limited partner with .04% ownership, Quantum as a limited partner with 0.96% ownership and SIM as a limited partner with 7.38% ownership. (AA-85, 90, 92.)

In an order dated April 6, 2011, the Bankruptcy Court set a bar date of May 23, 2011, by which time any party asserting a claim against the debtors was required to file a proof of claim pursuant to Rule 3003(c)(3), Fed. R. Bankr. P. (the "Bar Date Order"). (AA-102-08.) However, the Bar Date Order stated that entities whose interests had been listed but "not scheduled as 'disputed,' 'contingent' or 'unliquidated'" were exempt from the requirement to file a proof of claim:

> [T]he following persons or entities need not file a Proof of Claim

> and/or Proof of Interest on or prior to the General Bar Date . . . (c)
> Any person or entity whose Claim and/or Interest is listed on the
> Schedules of Assets and Liabilities . . . filed by either of the
> Debtors   . . . provided that (i) the Claim and/or Interest is not
> scheduled as "disputed," "contingent" or "unliquidated"; and (ii)
> the holder of such Claim and/or Interest does not disagree with the
> amount, nature and priority of such Claim and/or Interest as set
> forth in the applicable Debtor's Schedules.

(AA-104-05.) Appellants claim that this exemption applied to them, and that the Bar Date Order

exempted them from any requirement to file a proof of claim.

On July 20, 2011, Greenwich Sentry filed its proposed Chapter 11 Plan of

Reorganization (the "Reorganization Plan"). (AA-109-32.) It stated that each Allowed Limited

Partner Interest would receive a pro rata share of certain trust certificates, and it categorized

limited partners as having "Class 4" interests.[1] (AA-120.) The Reorganization Plan defines

"Allowed Interest" to include an interest that "has been or hereafter is listed by the Debtor in the

Schedules as liquidated in amount and not disputed or contingent." (AA-111-12.)

In objections dated August 25, 2011, certain limited partners, not including the

appellants, challenged the debtors' interpretation and enforcement of the Reorganization Plan.

(A-133-44.) Like the appellants, the objectors were listed as Class 4 limited partners at SOFA

attachment B. (AA-84-94, 146.) In the objections, they asserted that the debtors and the

liquidating trustee, 217 Canner Associates, LLC, had wrongly interpreted the Reorganization

Plan to bar Limited Partner Interests unless the holder of that interest timely filed a proof of

interest.[2] (AA-134.) These objecting limited partners asserted that their interests had previously

been listed in the appropriate schedules and that the interests were not identified as disputed,

contingent or unliquidated. (AA-139.) As such, those limited partners contended, the Bar Date

---

[1] Class 4 interests were defined as follows: "Each Allowed Limited Partner Interest shall receive its pro rata share of
Litigation Trust Certificates and Liquidating Trust Certificates, in full settlement and satisfaction of such Interests.
This Class is impaired." (AA-120.)
[2] 217 Canner Associates, LLC is the appellee in this matter.

Order exempted them from any requirement to file a proof of interest. (AA-135.) The debtors and these objecting limited partners entered into a stipulation, which the Bankruptcy Court approved and entered as a new bar date order (the "Extended Bar Date Order") on September 20. The Extended Bar Date Order set a deadline of October 20 for holders of limited partnership interests to file proof of interest. (AA-145-50.) The Extended Bar Date Order provided in part:

> Limited Partners that are included in Class 4 under the Debtors'
> Plans that failed to timely file a Proof of Interest by the General
> Bar Date (collectively, "Excluded Limited Partners") shall have an
> additional thirty (30) days from the date of entry of this Order (the
> "Extended Bar Date") by the Bankruptcy Court to file a Proof of
> Interest using the "net equity method" of calculation.

(AA-147.) The order directed that each of the Excluded Limited Partners was to be served with a proof of interest form. (AA-148.) It also stated: "The Extension Notice shall, among other things, advise Exclusive Limited Partners that notwithstanding the fact that their applicable Interests may not be scheduled as 'disputed,' 'contingent' or 'unliquidated' in the List of Equity Holders annexed to each Debtor's Statement of Financial Affairs, such Excluded Limited Partners are still required to timely file a Proof of Interest." (AA-148.) This provision departed from language in the initial Bar Date Order, which exempted such limited partners from the requirement to file a proof of interest. (AA-104-05.) The Extended Bar Date Order also noted the objecting limited partners' contentions that previous orders "were confusing and misleading," and that proofs of interest therefore had not been filed. (AA-147.)

Greenwich Sentry filed a First Amended Plan of Reorganization on September 26, 2011 (the "Amended Plan"). (AA-165-88.) As with the initial Reorganization Plan, it continued to define "allowed claims" and "allowed limited partner interests" to include claims and interests that were "listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent." (AA-168.) The Amended Plan did not expressly cite or incorporate the Extended

Bar Date Order's extension of time for filing proof of interest, or its requirement that limited partners file a proof of interest. The Amended Plan also continued to state that each allowed Class 4 limited partnership interest would receive a pro rata share of trust certificates. (AA-177, at § 4.01(E).) The Bankruptcy Court confirmed the Amended Plan on December 22, 2011 (the "Confirmation Order"). (AA-189-214.) The Confirmation Order stated that the Amended Plan governed distribution of all interests. (AA-205, at ¶ 3.)

The appellants later challenged the Extended Bar Date Order and the enforcement of the Amended Plan. In a motion dated April 30, 2012, the appellants moved "for an order confirming that the Scheduled Limited Partners are holders of Allowed Partner Interests and members of Class 4 under the Amended Plan." (AA-11.) The motion disputed the liquidating trustee's interpretation of the Amended Plan and the Extended Bar Date Order, under which the liquidating trustee required holders of limited partner interests to file proofs of interest in order to participate in distributions as members of Class 4. (AA-14.) The motion argued that any requirement to file an additional proof of interest was contrary to the text of the Bankruptcy Code, 11 U.S.C. § 1111(a), and authorities that have enforced section 1111(a). (AA-22-23.) The liquidating trustee filed a memorandum in opposition. (AA-29-48.)

In an Order dated June 1, 2012, the Bankruptcy Court upheld the liquidating trustee's interpretation of the Amended Plan. The Bankruptcy Court concluded that the appellants were bound by the Extended Bar Date Order. (AA-5-10.) The Bankruptcy Court stated that "it was not evident from the Debtors' Schedules and Proposed Plans whether scheduled limited partners were required to file proofs of interest," and that it had issued the Extended Bar Date Order in the interest of administrative efficiency and clarity. (AA-6.) It stated that the Extended Bar Date Order was not contrary to the Bankruptcy Code, at 11 U.S.C. § 1111(a), because the schedules in this case "were ambiguous and led to disputes between the

Debtors and the limited partners regarding the need to file proofs of interest." (AA-7-8.)  The

Order also observed that the appellants "manufacture[d] an inconsistency between the Amended

Plans and the Extended Bar Date Order," stating that the appellants' interests as recorded in the

schedules were "estimated" and not "liquidated." (AA-9.)  Lastly, the Bankruptcy Court rejected

appellants' argument that they were denied due process, concluding that they received notice of

the bar date and had the opportunity to file proofs of claim or interest.  (AA-9-10.)

STANDARD OF REVIEW

         A district court reviews a bankruptcy court's conclusions of law de novo.  In re

Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012).  Reviewing courts "accord

deferential review" to a bankruptcy court's exercise of equitable powers, and will reverse a

bankruptcy court only in the event of an abuse of discretion.  In re Wireless Data, Inc., 547 F.3d

484, 492 (2d Cir. 2008).  A bankruptcy court's factual determinations are reviewed for clear

error.  In re Penn Traffic Co., 524 F.3d 373, 378 (2d Cir. 2008); Rule 8013, Fed. R. Bankr. P.

DISCUSSION

         "The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the

United States Code." Rule 1001, Fed. R. Bankr. P.  The Federal Rules of Bankruptcy Procedure

set forth certain requirements for filing a proof of claim in a Chapter 11 case.  See Rule 3003(c).

Under the heading "Who must file," Rule 3003 requires proofs of claim only from equity

security holders whose interest is not already scheduled, or those whose interest is scheduled as

disputed, contingent or unliquidated:

> Any creditor or equity security holder whose claim or interest is
> not scheduled or scheduled as disputed, contingent, or unliquidated
> shall file a proof of claim or interest within the time prescribed by
> subdivision (c)(3) of this rule; any creditor who fails to do so shall
> not be treated as a creditor with respect to such claim for the pur-
> poses of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2).  Rule 3003(b)(2), Fed. R. Bankr. P., states: "The list of equity

security holders filed pursuant to Rule 1007(a)(3) shall constitute prima facie evidence of the

validity and amount of the equity security interests and it shall not be necessary for the holders of

such interests to file a proof of interest."  Rule 1007(a)(3), in turn, requires that in a Chapter 11

case, the debtor must list its "equity security holders of each class showing the number and kind

of interests registered in the name of each holder, and the last known address or place of business

of each holder."

     In this action, all partnership interests are listed in Attachment B to Greenwich

Sentry's SOFA, which was filed on Official Form 7.  (AA-71, 79, 83-94.)  The SOFA was filed

consistent with 11 U.S.C. § 521(a)(1)(B)(iii), which states that the debtor "shall" file "a

statement of the debtor's financial affairs . . . ."  Item 21 of Official Form 7 of the Bankruptcy

Rules states:  "If the debtor is a partnership, list the nature and percentage of partnership interest

of each member of the partnership."  As noted, the appellants' partnership interests are listed,

and labeled as "Estimated Percentage Ownership."  (AA-83.)

     In addition, section 1111(a) states that an interest is "deemed filed" if it "appears"

in a schedule filed under section 521(a)(1):

> A proof of claim or interest is deemed filed under section 501 of
> this title for any claim or interest that appears in the schedules filed
> under section 521(a)(1) or 1106(a)(2) of this title, except a claim or
> interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a).  "This section regulates the claim process in chapter 11 cases and provides

an exception to the general rule that all creditors must file proofs of claim in order to participate

in any bankruptcy distribution."  In re DiCroce, 1998 WL 35416878, at *2 (B.A.P. 1st Cir. Feb.

25, 1998) (per curiam).  As noted, the SOFA in this proceeding was filed pursuant to section

521(a)(1).

The appellee maintains that the Bankruptcy Court appropriately enforced the bar date as to the appellants. As the Second Circuit has observed, "[a] bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." In re Hooker Investments, Inc., 937 F.2d 833, 840 (2d Cir. 1991); see also In re Enron, 419 F.3d 115, 128 (2d Cir. 2005). "If individual creditors were permitted to postpone indefinitely the effect of a bar order so long as adversary proceedings were pending, the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." Hooker Investments, 937 F.3d at 840.

In enforcing the Extended Bar Date Order as to all scheduled limited partners, the Bankruptcy Court concluded that because the limited partners' interests in SOFA Attachment B were labeled as "Estimated Percentage Ownership," their interests were unliquidated. (AA-9.) It described the lack of clarity in the debtors' schedules: "In the instant case, it was not evident from the Debtors' Schedules and Proposed Plans whether scheduled limited partners were required to file proofs of interest." (AA-6.) It stated:

> The Purported Limited Partners' interests were not listed as
> liquidated in the schedules. Indeed, the schedules were listed as
> "estimated" and subject to redemption payments made by
> investors.

The Bankruptcy Court concluded that in this instance, an "estimated" interest was equivalent to an unliquidated interest, and that enforcement of the Extended Bar Date Order was not contrary to section 1111(a). (AA-9.)

Standing alone, the label "estimated" could arguably apply to either liquidated or unliquidated interests. For example, one provision the Bankruptcy Code states that when filing a

proof of claim or interest, "[t]here shall be estimated for purpose of allowance under this section any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(1). Thus, in the context of applying section 502(c) – a provision of the Bankruptcy Code that is not at issue here – an estimated claim would encompass a sum that is "contingent or unliquidated."

At the same time, a "liquidated" value might also be labeled as estimated, depending on the nature of the interest. "The terms 'liquidated' and 'unliquidated' generally refer to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained." In re Mazzeo, 131 F.3d 295, 304 (2d Cir. 1997) (interpreting 11 U.S.C. § 109(e)). If a claim's value is "easily ascertainable" it is "generally viewed as liquidated," whereas a value that depends on "a future exercise of discretion" is unliquidated. Id. (collecting cases). "Thus, the courts have generally held that a debt is 'liquidated' where the claim is determinable by reference to an agreement or by a simple computation." Id. (quotation marks and ellipsis omitted). In certain circumstances, such a liquidated, "easily ascertainable" sum might be listed as estimated.

Standing alone and without additional context, the word "estimated" has no inherent meaning as to whether a given figure is liquidated or unliquidated. A more explicit label as to the nature of the limited partners' ownership percentage would have precluded any dispute as to whether the equity interests were "deemed filed." As observed by the Bankruptcy Court: "Here, in contrast, the Debtors' Schedules were ambiguous and led to disputes between the Debtors and the limited partners regarding the need to file proofs of interest." (AA-8.) Because the Bankruptcy Court deemed the label "Estimated Percentage Ownership" to be "ambiguous" as it appeared in SOFA Attachment B, the Bankruptcy Court entered the Extended Bar Date Order in the interest of clarity and administrative efficiency. (AA-6, 8.) The Extended

Bar Date Order directed service to the limited partners, and there is no dispute that the appellants received notice of the Extended Bar Date Order.

To the extent that the Bankruptcy Court concluded that the label "Estimated Ownership Percentage" was ambiguous on its face, the court engaged in a finding of fact that is reviewed pursuant to a clear error standard. See In re Penn Traffic Co., 524 F.3d at 378. It was not clearly erroneous to find that the label "estimated" was ambiguous as used in Attachment B. The Extended Bar Date Order noted that it was premised in part on arguments from limited partners that previous orders "were confusing and misleading," and that proofs of interest therefore had not been filed. (AA-147.) Entry and enforcement of the Extended Bar Date Order was an effort to clarify and economize the disputes over the limited partners' obligations, and was not contrary to section 1111(a).

A bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This power is confined by the other provisions of the Bankruptcy Code, and a bankruptcy court may not exercise its powers contrary to statute. See In re Aquatic Dev. Grp., 352 F.3d 671, 680-81 (2d Cir. 2003) (Straub, J., concurring) (collecting cases). Because the heading in SOFA Attachment B was ambiguous and did not, on its face, trigger the "deemed filed" language of section 1111(a), its enforcement of the Extended Bar Date Order was a permissible exercise of the Bankruptcy Court's discretion under section 105(a).

This Court need not reach the Bankruptcy Court's alternative rationale that a bar date can be enforced despite the "deemed filed" provision of section 1111(a). See, e.g., In re DiCroce, 1998 WL 35416878, at *3-4.

CONCLUSION

The June 1, 2012 Order of the Bankruptcy Court is affirmed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
       December 17, 2012